**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROGELIO A. GUERRA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: ________________ |
| | ) | |
| v. | ) | **Removed From:** |
| | ) | The Court of Common Pleas |
| | ) | Philadelphia County, Pennsylvania. |
| | ) | |
| GOOGLE LLC, | ) | Case ID 260200066 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Index of Composite Exhibit A</u>**

Tab 1 State Court Docket Sheet
(as of March 23, 2026)

Tab 2 Complaint
(filed Feb. 2, 2026)

Tab 3 Stipulation to Extend Time for Defendant to Answer, Move, or Otherwise Plead in Response to Plaintiff's Complaint
(filed Mar. 2, 2026)

Tab 4 Affidavit of Service
(filed Mar 17, 2026)

# Composite Exhibit A
# Tab 1

State Court Docket Sheet
as of Mar. 23, 2026

The Philadelphia Courts
Civil Docket Access

No Items in Cart LOGOUT sscannell

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

**Case ID:** 260200066
**Case Caption:** GUERRA VS GOOGLE LLC
**Filing Date:** Monday , February 02nd, 2026
**Court:** COMMERCE - EXPEDITED, JURY
**Location:** CITY HALL
**Jury:** JURY
**Case Type:** CONTRACTS (GOODS), ENFORCE
**Status:** WAITING TO LIST CASE MGMT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | PLAINTIFF | GUERRA, ROGELIO |
| **Address:** | 550 SELMA ST<br>PHILADELPHIA PA 19116<br>(267)800-9118 | **Aliases:** | *none* | |
| | | | | |
| 2 | 4 | | DEFENDANT | GOOGLE LLC |
| **Address:** | 2595 INTERSTATE DR SUITE 103<br>HARRISBURG PA 17110 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | TEAM LEADER | PATRICK, PAULA |
| **Address:** | CITY HALL<br>RM 510 | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | PHILADELPHIA PA 19107<br>(215)686-8338 | | | |
| | | | | |
| 4 | | | ATTORNEY FOR DEFENDANT | SCANNELL, STEPHEN M |
| **Address:** | ONE METROPOLITAN SQUARE<br>211 NORTH BROADWAY STE 3600<br>SAINT LOUIS MO 63102<br>(314)259-2516<br>STEPHEN.SCANNELL@BCLPLAW.COM | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 02-FEB-2026 11:58 AM | ACTIVE CASE | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 02-FEB-2026 12:02 PM | COMMENCEMENT CIVIL ACTION JURY | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 02-FEB-2026 12:02 PM | COMPLAINT FILED NOTICE GIVEN | GUERRA, ROGELIO | |
| **Documents:** | CMPLC_3.pdf | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 02-FEB-2026 12:04 PM | JURY TRIAL PERFECTED | GUERRA, ROGELIO | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 02-FEB-2026 12:06 PM | WAITING TO LIST CASE MGMT CONF | | |
| **Docket Entry:** | *none.* | | |

| | | | |
|---|---|---|---|
| 02-MAR-2026 01:13 PM | STIPULATION FILED | SCANNELL, STEPHEN M | |
| **Documents:** | (DRAFT) Guerra v Google_ Stipulation_Extension on Response to Complaint.pdf | | |
| **Docket Entry:** | STIPULATION TO EXTEND THE TIME FOR DEFENDANT TO RESPOND TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF GOOGLE LLC) ENTRY OF APPEARANCE FILED ON BEHALF OF GOOGLE LLC. STIPULATION APPROVED. JUDICIAL APPROVAL NOT REQUIRED AS ALL PARTIES HAVE CONSENTED. | | |
| 17-MAR-2026 09:29 AM | AFFIDAVIT OF SERVICE FILED | GUERRA, ROGELIO | |
| **Documents:** | AFDVT_7.pdf | | |
| **Docket Entry:** | SHERIFF'S RETURN OF SERVICE. | | |

Case Description Related Cases Event Schedule Case Parties Docket Entries

E-Filing System Search Home

# Composite Exhibit A
# Tab 2

Complaint
(Filed Feb. 2, 2026)

Court of Common Pleas of Philadelphia
County Trial Division

# Civil Cover Sheet

For Office of Judicial Records Use Only (Docket Number)

260200066

Filed and Attested by the Office of Judicial Records 02/02/2026 12:02 pm N. HATCHER

| | |
|---|---|
| PLAINTIFF'S NAME<br>Rogelio A. Guerra | DEFENDANT'S NAME<br>Google LLC |
| PLAINTIFF'S ADDRESS<br>550 Selma St, Philadelphia, PA 19116 | DEFENDANT'S ADDRESS<br>2595 Interstate Drive, Suite 103,<br>Harrisburg, PA 17110 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☑ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
- ☐ $50,000.00 or less
- ☑ More than $50,000.00

COURT PROGRAMS
- ☐ Arbitration
- ☑ Jury
- ☐ Non-Jury
- ☐ Other: ____________
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☑ Commerce (Completion of Addendum Required)
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE (SEE INSTRUCTIONS)
Contract 1C

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)
73 P.S. § 201-1 et seq. (UTPCPL) and 13 Pa. C.S. § 1304 (UCC)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

CMPLC-Guerra Vs Google Llc [RNH]

26020006600003

IS CASE SUBJECT TO COORDINATION ORDER?
Yes ☐ ☐ ☐ No ☐ ☐ ☐

TO THE OFFICE OF JUDICIAL RECORDS:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>Rogelio A. Guerrra, Pro Se | ADDRESS (SEE INSTRUCTIONS)<br>550 Selma St, Philadelphia, PA 19116 |
| PHONE NUMBER<br>267-800-9118 / FAX NUMBER | |
| SUPREME COURT IDENTIFICATION NO.<br>N/A | E-MAIL ADDRESS<br>detective.g@warstone-investigative-ss.com |
| SIGNATURE | DATE |

Case ID: 260200066

Rogelio A. Guerra
v.
Google LLC
Court Term & NO:

Exhibit A

# COMMERCE PROGRAM ADDENDUM TO CIVIL COVER SHEET

This case *is* subject to the Commerce Program because it is not an arbitration matter and it falls within one or more ot the following types (check all applicable):

___ 1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

✓ 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:
- ___ a. Uniform Commercial Code transactions;
- ___ b. Purchases or sales of business or the assets of businesses;
- ✓ c. Sales of goods or services by or to business enterprises;
- ___ d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;
- ___ e. Surety bonds;
- ___ f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and
- ___ g. Franchisor/franchisee relationships.

___ 3. Actions relating to trade secret or non-compete agreements;

✓ 4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

___ 5. Actions relating to intellectual property disputes;

___ 6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

___ 7. Derivative actions and class actions based on claims otherwise falling within these ten types, and consumer class actions other than personal injury and products liability claims;

___ 8. Actions relating to corporate trust affairs;

___ 9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

___ 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
# COURT OF COMMON PLEAS OF PHILADELPHIA

ROGELIO A. GUERRA, PRO SE
550 SELMA STREET
PHILADELPHIA, PA 19116
TELE 267-800-9118

ROGELIO A. GUERRA
PLAINTIFF
V
GOOGLE LLC
DEFENDANT

CIVIL ACTION - LAW

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

***You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.***

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

***Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.***

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

**Rogelio A. Guerra, Pro Se**
**550 Selma Street,**
**Philadelphia, PA 19116**
**Tele 267-800-9118**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY TRIAL DIVISION – CIVIL**

Rogelio A. Guerra

v.

**GOOGLE LLC**, Defendant
**TERM, 2026**
**NO. ___________**
**CIVIL COMPLAINT**

Civil Action-Law

Jury Trial Demanded

---

## COMPLAINT

Plaintiff, Rogelio A. Guerra Pro Se, states that he has a cause of action against defendant, Google LLC and in support thereof avers the following:

## I. PARTIES

1. Plaintiff, Rogelio A. Guerra, in an individual residing at 550 Selma Street, Philadelphia, PA 19116.
2. Defendant, Google LLC, is a foreign limited liability company with a principal place of business in Mountain View, California.



Case ID: 260200066

3. Defendant conducts regular and systematic business in Philadelphia, County, Pennsylvania.

## II. <u>JURISDICTION AND VENUE</u>

4. This Court has subject matter jurisdiction over this action pursuant to **42 Pa.C.S. § 931** and **Pa. Const. Art. V, § 5**, because this is a civil action where the matter in controversy exceeds the jurisdictional limit of the Philadelphia Municipal Court. Further, this matter is properly assigned to the **Commerce Program** of the Court of Common Pleas as it involves a business dispute and business torts between a professional enterprise and a service provider where the amount in controversy exceeds $50,000.00.

5. This Court has general personal jurisdiction over Defendant Google LLC pursuant to **42 Pa.C.S. § 5301(a)(2)(i)** and the U.S. Supreme Court's holding in *Mallory v. Norfolk Southern Railway Co.* (2023), because Google LLC is a foreign corporation registered to do business in the Commonwealth of Pennsylvania and has thereby consented to the general jurisdiction of this Court.

6. In the alternative, this Court has specific personal jurisdiction over Defendant Google LLC pursuant to **42 Pa.C.S. § 5322** (the Long-Arm Statute), because Defendant contracted to supply services and things within this Commonwealth and caused harm or tortious injury to the Plaintiff's Philadelphia-based business through acts and omissions occurring within this Commonwealth.

7. Venue is proper in Philadelphia County pursuant to **Pa.R.C.P. 2179(a)(2) and (a)(4)**, because Google LLC regularly conducts business in Philadelphia County (including the sale of advertising services and the maintenance of digital

business infrastructure for Philadelphia residents) and the transaction or occurrence out of which the cause of action arose—specifically the suspension of Plaintiff's business profile and the resulting $600,000 financial loss—took place in Philadelphia County where Plaintiff's business is sited.

## III. FACTS

8. At all relevant times, Plaintiff is an individual residing in Philadelphia, Pennsylvania, a **100% Service-Connected Disabled Veteran**, and a **single father with sole legal and physical custody** of his 16-year-old minor child. Plaintiff operated the subject business as the primary and exclusive means of support for his household.

9. At all times material hereto, Defendant Google LLC acted or failed to act by and through its agents, servants, workmen, and/or employees, including but not limited to account managers, policy enforcement officers, and technical support staff, who were then and there acting within the scope of their authority and course of their employment. Plaintiff further asserts that said agents were actual and ostensible. The specific names of the individuals responsible for the suspension of Plaintiff's account are known to Defendant and will be discovered during the course of discovery.

10. Defendant Google LLC owed Plaintiff a duty to possess and exercise that degree of professional skill, care, and knowledge ordinarily possessed and exercised by leading global technology and business service providers.

11. At all times material hereto, Defendant remained vicariously liable for the acts and/or omissions of its professionals and automated systems associated with the management and maintenance of Plaintiff's Google Business Profile.
12. In the alternative, Defendant was responsible for the proper programming, hiring, training, and supervision of its policy enforcement teams and algorithm developers to ensure that legitimate businesses, namely Warstone Investigative and Security Services, were not wrongfully deprived of their digital presence and livelihood, and Defendant remains vicariously liable for the failures of said staff.
13. Defendant, through advertising and promotional materials, held itself out as being able to provide "essential" and "reliable" visibility to small businesses to connect them with local customers in Philadelphia.
14. On or about 1 April 2016, Plaintiff entered into an agreement with Defendant to maintain a Google Business Profile (the "Profile") for the purpose of generating leads and business revenue.
15. As a part of its duties and responsibilities, Defendant had an obligation to establish fair and transparent policies and procedures that address the "suspension" or "removal" of business profiles to ensure that such actions are not taken arbitrarily or without cause.
16. On or about September 2023, Defendant abruptly suspended Plaintiff's Profile without specific cause or prior notice.
17. At the time of suspension, Plaintiff's business was a "Verified" and "In Good Standing" entity, having complied with all known Google guidelines.



Case ID: 260200066

18. Defendant was fully aware, or should have been aware, that for a local service business like a Private Investigator, a Google Business Profile is a primary source of customer acquisition and that its removal would cause immediate and catastrophic financial harm.

19. Following the suspension, Plaintiff attempted to board the "appeals process" provided by Defendant, but Defendant's employees failed to provide any assistance, specific feedback, or meaningful review of the evidence provided by Plaintiff.

20. The individuals identified herein, as well as individuals currently known to Defendant but unknown to Plaintiff, individually and/or collectively, failed to exercise the degree of care, skill, and knowledge ordinarily exercised within the tech industry by failing to fix a known "false positive" suspension.

21. As a direct, factual, and substantial result of the negligent and reckless performance of the professional duties of Defendant's staff, Plaintiff's Profile was removed from Google Search and Maps.

22. As a result of the "digital removal," Plaintiff sustained a total loss of prospective business leads, resulting in a revenue drop of approximately $600,000.

23. Plaintiff's total business loss over the last two and a half years, calculated using the "Before-and-After" revenue method, exceeds **$600,000**.

24. Defendant was aware of the great probability of harm that would result from arbitrarily cutting off a business's primary phone and web lead source but acted with wanton disregard for Plaintiff's financial safety.

## COUNT I – NEGLIGENCE

**(AGAINST DEFENDANT)**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 as if fully set forth herein and additionally avers:

25. Defendant Google LLC had a duty to provide Plaintiff with reliable access to its business platform and to exercise reasonable care in the management and oversight of Plaintiff's business data.
26. Defendant's duty of care included ensuring that its automated systems and human agents did not cause foreseeable financial harm to legitimate business users through arbitrary or erroneous account actions.
27. Defendant has a non-delegable duty to formulate, adopt, and enforce adequate rules and policies to ensure that its "Global Policy Enforcement" teams do not wrongfully terminate the digital presence of verified businesses without due process or factual basis.
28. Defendant owed Plaintiff a duty of care to provide a functional and responsive appeals process, particularly for professional service providers whose entire customer acquisition pipeline depends on the Defendant's platform.
29. Defendant, through its employees and agents, breached this duty by failing to thoroughly investigate the "suspension" of Plaintiff's account and by failing to provide any human intervention despite Plaintiff's repeated requests for assistance.
30. Defendant knew or should have known that a Private Investigator, such as Plaintiff, relies almost exclusively on digital visibility and that an unjustified suspension would result in immediate and catastrophic loss of revenue.

31. At the time of the aforesaid incident, Defendant negligently and/or carelessly managed its internal enforcement algorithms and support staff in an unsafe and reckless condition, imposing a danger to Plaintiff's business viability. More specifically, the Defendant: a. Was responsible for maintaining a safe and stable digital environment for business users; b. Failed to implement safety procedures or to properly train staff to assist users in "critical account failure" situations; c. Defendant's employees failed to provide specific cause or remedy for the suspension; d. Breached its Duty of Care to its verified business user, Plaintiff; e. Failed to provide a meaningful manual review of the account when the automated system failed; f. Failed to provide any technical or administrative assistance to the Plaintiff as he attempted to restore his livelihood; and g. Further negligence may be discovered through Discovery.
32. As a direct and proximate result of Defendant's breach of duty, Plaintiff's business profile was deleted from public view, causing the immediate cessation of lead generation and a total collapse of Plaintiff's professional income.
33. As a result of the aforesaid negligence of the Defendant, Plaintiff suffered a total loss of business revenue in the amount of **$600,000**, representing the loss of prospective contracts and professional reputation.
34. As a result of the aforesaid, Plaintiff has suffered a permanent diminution in the value of his business and its "goodwill" within the Philadelphia market.
35. As a further result of the aforesaid, Plaintiff has incurred, and will continue to incur, various expenses in an effort to mitigate the loss and find alternative methods of customer acquisition.

36. Plaintiff has been prevented from attending to his usual professional duties and activities as a Private Investigator due to the total removal of his primary business tools by Defendant.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in an amount in excess of $50,000.00 (specifically seeking $600,000.00), plus interest, delay damages, costs, and any and all other relief the Court deems appropriate.

**COUNT II – NEGGLIGENCE**

**(AGAINST DEFENDANT)**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 as if fully set forth herein and additionally avers:

37. Defendant Google LLC had a duty to use reasonable care in the hiring, training, and supervision of its employees and agents, including the policy enforcement officers and technical support staff responsible for managing business account integrity and suspensions.

38. Defendant had a duty to implement and maintain adequate policies and oversight to ensure that its staff and automated systems did not cause foreseeable financial harm to verified business owners during the administration of the Google Business Profile platform.

39. Defendant breached this duty by failing to properly train and supervise its enforcement staff regarding the provision of assistance to business owners who are wrongfully flagged for suspension and by failing to oversee the "appeals" staff

to ensure they actually perform the manual reviews required by Defendant's own internal protocols.

40. As a direct and proximate result of Defendant's negligent hiring, training, and supervision, Defendant's staff failed to assist Plaintiff in resolving a "false positive" suspension, causing the total and permanent collapse of Plaintiff's business visibility and revenue.

41. As a direct and proximate result of Defendant's failure to have adequate oversight policies in place for its account administrators, Plaintiff's business was placed at extreme risk, and the inaction of Defendant's employees was a substantial factor in causing Plaintiff's $600,000 monetary loss.

42. Plaintiff has suffered damages including the total loss of business revenue, permanent damage to professional reputation (goodwill), and significant costs incurred while attempting to mitigate the damage caused by Defendant's untrained staff.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in an amount in excess of $50,000.00 (specifically seeking $600,000.00), plus interest, delay damages, costs, and any and all other relief the Court deems appropriate.

## CONTY III – PREMISES LIABILITY

## (AGAINST ALL DEFENDANTS)

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 as if fully set forth herein and additionally avers:



Case ID: 260200066

43. Defendant Google LLC owned, operated, managed, and/or controlled the digital "premises" known as the Google Business Profile platform and Google Maps, which serves as a global marketplace for professional services.

44. Plaintiff was a **business invitee** on said digital premises, as Plaintiff maintained a verified account and contributed data/content that enhances the value of Defendant's platform, in exchange for digital visibility and lead generation.

45. A **dangerous condition** existed on Defendant's digital premises in the form of defective automated suspension algorithms and "black-box" enforcement protocols that were capable of summarily "extinguishing" a business's presence without factual basis or human oversight.

46. Defendant knew or should have known of this dangerous condition, as widespread reports and previous litigation have put Defendant on notice that its automated systems frequently flag legitimate businesses as "fraudulent," causing immediate and total loss of access to the marketplace.

47. Defendant failed to exercise reasonable care to protect Plaintiff from this dangerous condition by failing to provide "safety railings" in the form of a functional, human-led appeals process or a "warning period" before removing Plaintiff from the digital premises.

48. As a direct and proximate result of this dangerous digital condition, Plaintiff's business "tripped" into an unjustified suspension and was "cast out" from the marketplace, sustaining a catastrophic "fall" in revenue and professional standing.



Case ID: 260200066

49. Plaintiff has suffered damages including a total loss of business revenue in the amount of **$600,000**, permanent damage to business goodwill, and severe financial distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in an amount in excess of $50,000.00 (specifically seeking $600,000.00), plus interest, delay damages, costs, and any and all other relief the Court deems appropriate.

## COUNT V – CORPORATE NEGLIGENCE/VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

## (AGAINST DEFENDANT)

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 as if fully set forth herein and additionally avers:

50. At all relevant times, the account administrators, algorithm engineers, and policy enforcement officers were employees or agents of Defendant Google LLC and were acting within the scope of their employment.

51. The negligent conduct of said employees in failing to effectively manage Plaintiff's account and failing to provide a meaningful appeal process occurred during the course of their employment with Defendant.

52. Under the doctrine of Respondeat Superior, Defendant Google LLC is liable for the negligent acts and/or omissions of its employees committed within the scope of their employment, including the improper suspension of Plaintiff's business profile.

53. Defendant is liable under the laws of agency, corporate negligence, respondeat superior, and/or vicarious liability for the acts of its agents, servants, and/or

employees, as well as those individuals currently known to Defendant but unknown to Plaintiff, who designed, implemented, and executed the suspension of Plaintiff's business.

54. As a direct and proximate result of the employees' and agents' negligence, for which Defendant is liable, Plaintiff's business was unlawfully removed from the marketplace, sustaining a catastrophic loss of revenue and professional reputation.

55. The aforesaid negligence of Defendant was the direct, factual, and substantial cause of the $600,000 financial harm and business "death" as described herein.

56. The aforesaid negligence of Defendant and its failure to provide human oversight increased the risk of severe financial harm to Plaintiff.

57. Defendant is liable for the negligent programming and deployment of automated systems (algorithmic agents) that acted on behalf of the corporation to terminate Plaintiff's business access without justification.

58. Plaintiff has suffered damages including the total loss of business revenue in the amount of **$600,000**, loss of professional goodwill, and ongoing financial hardship.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in an amount in excess of $50,000.00 (specifically seeking $600,000.00), plus interest, delay damages, costs, and any and all other relief the Court deems appropriate.

Rogelio A. Guerra Pro Se



Case ID: 260200066

## Verification

I, **Rogelio A. Guerra**, Plaintiff in the within action, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein are made subject to the penalties of **18 Pa. C.S. § 4904** relating to unsworn falsification to authorities.

Rogelio A. Guerra

**EXHIBIT A**

# Overview of Google Business Profile policies

Any content added to their Business Profile must accurately represent the location in question and follow the policies and guidelines. When violations occur, we'll take necessary steps to restrict the content from displaying, or restrict access to the profile or merchant account.

## All Google Business Profile policies and guidelines

This article outlines our key policies and explains the most common issues that merchants may experience, but it is not comprehensive. View a complete list of Google Business Profile policies and guidelines.

## Prohibited and restricted content

All content added to a Business Profile must abide by Google's Prohibited and restricted content policies. These policies apply to all content formats, which includes Reviews, Photos and Videos. Profiles and content that does not meet these criteria may be rejected from publication on Google.

## Account level restrictions

Merchants can lose access to their Business Profile or have their access restricted for the following reasons:

Google Account not in good standing

If a Google Account is not in good standing (e.g. it is disabled, suspended or deleted) a merchant must take steps to fix the issue before they can access their Google Business Profile.

Account restricted from Business Profile activity

If a merchant displays a pattern of violating Google Business Profile policies, they may have their Business Profile access restricted.

If a merchant's account is restricted, all Business Profiles associated with that account will be suspended.

When an account is restricted, content added from the restricted account will be rejected. The account must be reinstated before any previously removed content can be successfully reinstated or new content added to the profile.

Profile suspension due to other Google product account restriction

When a Business Profile is created via an account associated with another Google product, restriction of the non-Business Profile product account may result in suspension of the Business Profile.

When a non-Business Profile account is restricted, content added to the business profile from the restricted account may be rejected. The non-Business Profile account must be reinstated before reinstating the profile.

## Eligibility

Google has the following restrictions and qualifications for Business Profiles:

Case ID: 260200066

Exhibit A, Page 1 of 3

Ineligible businesses

To qualify for a Business Profile on Google, a business must make in-person contact with customers during its stated hours.

For example, the following businesses are not eligible for a Business Profile:

- An ongoing service, class or meeting at a location that you don't own or have the authority to represent.
- Lead generation agents or companies.
- Brands, organisations, artists and other online-only businesses.
- Rental or for-sale properties such as holiday homes, model homes or vacant flats.

For more details on eligibility, review Business eligibility and ownership.

Business does not exist

To keep data on Google as accurate as possible, Google uses information from different sources such as user reports and licensed content.

If we determine that your business doesn't exist in the location that you claim, Google will disable your profile.

PO Box address

Businesses with a PO Box address aren't permitted on Google Business Profile. Merchants that set their business address at a PO Box will have their profile suspended.

Identity change

Merchants must accurately represent their business identity. Edits that significantly change business identity will be rejected. For more details, review the misrepresentation policy.

Location change

Merchants must accurately represent their business location. Edits that significantly change business location will be rejected. For more details, review the misrepresentation policy.

Information presented on a Business Profile, such as the business address, is compiled from a variety of sources, including contributions from Maps users. Learn more about how Google sources and uses info in Business Profiles.

## Ownership

Issues with Business Profile ownership include:

Unauthorised profile access

When it's determined that a different merchant is the authorised owner of a business profile, access to other unauthorised users will be revoked.

Inactive owner

Merchants that don't access their Google Business Profile for long periods of time may have their access revoked and content removed after adequate warning.

## Posting restrictions

When user contributions to a profile are consistently unhelpful, harmful, off-topic or generally violate Google Policies, we may limit or suspend user-generated content for that profile. An example would be a series of poor reviews for a business for reasons not related to the business itself. Learn more about posting restrictions.

## Reasons submitted content may be rejected

Content added to a Business Profile may be rejected for several reasons.

Deleted profile

Disabled profile

Suspended profile

Verification required

## Other reasons why content may fail to publish or appeals may be rejected

Sometimes submitted content may fail to publish for non-policy reasons which may include:

Profile or content already live, edited or deleted

Certain merchant-added content may not be added because Google has already accepted the content. An example would be if you try to add the same photo or phone number more than once.

Similarly, Google may reject appeals when the appeal verdict cannot be determined due to the content in question being already live, deleted or edited.

Submission Error

An error occurred while processing your content. Please try again later or reach out to the Google Business Profile support team.

### Related resources

- All Business Profile policies and guidelines

Need more help?
Try these next steps:

**Post to the Help Community**
Get answers from community members

Exhibit A, Page 3 of 3

**EXHIBIT B**

# Manage appeals for your Google Business Profiles

View moderation decisions, submit appeals and check appeal status

30%

## Appeals submission and status

Select an eligible decision to appeal for Warstone Detective Agency & Security Services at 404 Tyson Ave, US. Then click **Continue**.

You can check the status of submitted appeals in the "Details" column.

Learn more about how to appeal Business Profile restrictions .

In some regions, such as the EU, you may have additional redress options .

| Rejection date | Decision | Details |
|---|---|---|
| Sep 28, 2024 | • Business Profile suspended<br>◦ Deceptive content | Not approved |

All items shown

Back

Close Continue

Exhibit B

# Composite Exhibit A
# Tab 3

Stipulation to Extend Time for Defendant to Answer, Move, or Otherwise Plead in Response to Plaintiff's Complaint

(Filed Mar. 2, 2026)

Filed and Attested by the
Office of Judicial Records
02 MAR 2026 01:11 pm
G. IMPERATO

Stephen M. Scannell (329629)
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000

| | |
|---|---|
| ROGELIO GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CASE ID 260200066 |

**STIPULATION TO EXTEND THE TIME FOR DEFENDANT TO ANSWER, MOVE, OR OTHERWISE PLEAD IN RESPONSE TO PLAINTIFF'S COMPLAINT**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, *Pro Se* Plaintiff Rogelio Guerra and Defendant Google LLC, that:

1. The time period by which Defendant Google LLC must answer, move, or otherwise plead in response to Plaintiff's Complaint in the above-captioned civil action is hereby extended pursuant to Pa. R.C.P. 248 through and including March 31, 2026.

2. The parties reserve all other rights and defenses, and waive none.

Dated: February 26, 2026

_/s/ Stephen M. Scannell___________

Stephen M. Scannell (329629)
stephen.scannell@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000

*Counsel for Defendant Google LLC*

Respectfully submitted,

/s/_______________

Rogelio A. Guerra
detective.g@warstone-investigative-ss.com
550 Selma, St.
Philadelphia, PA 19116
Telephone: 269-800-9118

*Pro Se Plaintiff*

**CERTIFICATE OF SERVICE**

I, Stephen M. Scannell, do hereby certify that on March 2, 2026 a true and correct copy of the foregoing document was served via email and by first-class U.S. mail, postage prepaid upon:

Rogelio A. Guerra
550 Selma, St.
Philadelphia, PA 19116
Telephone: 269-800-9118
*Pro Se Plaintiff*

By: */s/ Stephen M. Scannell*
Stephen M. Scannell

# Composite Exhibit A
# Tab 4

Affidavit of Service
(Filed Mar. 17, 2026)

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*

**David B. Dowling**
*Solicitor*

**David E. Olweiler**
*Chief Deputy*

**M. Dawson**
*Assistant Real Estate Deputy*

Filed and Attested by the
Office of Judicial Records
03/17/2026 09:29 am
DC SAVAGE

ROGELIO A GUERRA
vs.
GOOGLE LLC

**Case Number**
2026-T-0356

## SHERIFF'S RETURN OF SERVICE

02/12/2026 CASE# 260200066

02/12/2026 Advance Fee

02/19/2026 08:11 AM - DEPUTY JASON R. VOUGHT, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, COMMERCE PROGRAM ADDENDUM, NOTICE TO DEFEND AND THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO DARREN BETZKO, SERVICE AGENT , WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, GOOGLE LLC AT C/O CSC, 5235 NORTH FRONT STREET, HARRISBURG, PA 17110.

JASON R. VOUGHT, DEPUTY

02/20/2026 Closed By: AP

SHERIFF COST: $47.25

AFDVT-Guerra Vs Google Llc [DBS]

26020006600007

SO ANSWERS,

February 20, 2026

NICHOLAS CHIMIENTI, JR., SHERIFF

2026 MAR 9 AM

**COSTS**

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|---|---|---|---|---|---|
| 02/12/2026 | Advance Fee | Advance Fee | 179 | $0.00 | $47.25 |
| 02/20/2026 | County Fee | | FREEZE | $47.25 | $0.00 |
| | | | | **$47.25** | **$47.25** |
| | | | **BALANCE:** | **$0.00** | |

**NOTARY**

Affirmed and subscribed to before me this

16TH day of MARCH, 2026

Commonwealth of Pennsylvania — Notary Seal
**Megan Tritt, Notary Public**
**Dauphin County**
**My Commission Expires September 29, 2029**
**Commission Number 1407107**

Case ID: 260200066

(c) CountySuite Sheriff, Teleosoft, Inc.

B3986-2163 09/04/2025 1:28 PM Received by California Secretary of State

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

| | |
|---|---|
| *Kathryn W. Hall* | *09/04/2025* |
| Signature | Date |